# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | | |
|---|---|---|
| THOMAS WAYNE FLORENCE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-06-46 |
| | § | |
| DOUG DRETKE, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM ON DISMISSAL

Petitioner submitted this petition for habeas corpus relief under 28 U.S.C. § 2254. Petitioner is serving a sentence in the Texas Department of Criminal Justice for a conviction for a felony offense. Petitioner does not challenge his state court conviction. Instead, he challenges a prison disciplinary hearing in case number 2006-0143555.

A disciplinary hearing officer found Petitioner guilty of a disciplinary infraction involving a threat against a TDCJ employee, Officer Torres. The hearing officer punished Petitioner with a reduction in his custody classification status from S-3 to L-1.

Petitioner raises these grounds for relief in his Petition:

1. Lack of sufficient evidence to support the guilty finding.

2. The charge was unconstitutionally vague because it failed to identify conduct which could reasonably be determined.

3. The disciplinary hearing officer was not neutral and detached.

4. The disciplinary hearing officer lacked jurisdiction to hear the case because Petitioner's statements to the charging officer do not constitute a threat.

Petitioner includes a second ground for relief number four. It is indecipherable. Petitioner's verbatim pleadings under this ground follow. "Ground Four: Denial of Equal Protection at Disciplinary Hearing. Supporting Facts: TDCJ Policy requires a preponderance of the evidence to support a finding of guilt at the disciplinary hearing based on the witnesses' statements and the documentary evidence of the grievances filed against the charging officer for retaliation."

A prisoner's due process rights apply only to interests whose loss would involve a "significant, atypical" deprivation resulting in "hardship ... in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Petitioner has no due process liberty interest in his custody classification even where it affects his good time earning status. *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). A change in the *opportunity* to earn good time credits because of a change in custody status is not a due process violation. *Id*. The deprivations suffered by Petitioner in his disciplinary hearing do not violate the Due Process Clause.

Petitioner labeled his fifth ground for relief as a violation of equal protection. Petitioner's supporting facts, construed even very liberally, do not raise anything remotely resembling a valid equal protection claim. *See Woods v. Edwards*, 51 F.3d 577, 580 n. 6 (5th Cir. 1995). Again, construing his pleadings very liberally, Petitioner appears to claim that the evidence to find him guilty is insufficient because he demonstrated to the disciplinary hearing officer that the disciplinary charge against him was motivated by retaliation.

This court does not construe Petitioner's pleading to raise a separate claim of retaliation.  Rather, Petitioner appears to assert that the showing he made to the disciplinary hearing officer of retaliation by the charging officer renders the evidence against him insufficient in violation of his right to due process.  So construed, this court's preceding due process analysis disposes of this claim of insufficient evidence.

Assuming that Petitioner's fifth ground for habeas corpus relief does raise a separate claim of retaliation does not help Petitioner.  This court notes that Petitioner has filed 13 other lawsuits in the federal district courts in Texas, including transfers.  Petitioner filed in this court a companion civil rights case partially overlapping the claims raised here.  *See Florence v. Crain, et al.*, Civil Action No. V-06-45.  In that case, Petitioner raised myriad claims against many defendants, including allegations concerning alleged retaliation by Torres against Petitioner and concerning the instant disciplinary hearing.  *See id.*, *e.g.*, Docket Entry No. 8-1, p. 1; 8-2, p. 2. To the extent he raises a separate retaliation claim here against Officer Torres, this court has addressed and disposed of Petitioner's retaliation claims in Civil Action No. V-06-45.

The federal courts are authorized to dismiss habeas petitions without ordering a response where it appears that the petitioner is not entitled to relief.  *See* 28 U.S.C. § 2243. Petitioner's habeas petition fails to state a claim upon which relief may be granted and is frivolous because it lacks an arguable basis in law.  *McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).

Accordingly, it is ORDERED that Petitioner's habeas corpus claims be DENIED for failure to state a claim upon which relief may be granted and as frivolous.

Petitioner has not made a substantial showing of the denial of a constitutional right. The issues raised here are not debatable among jurists of reason, could not be resolved in a different manner, and do not deserve encouragement to proceed further. *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). A Certificate of Appealability will not issue.

Signed at Victoria, Texas, on May 24, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE